```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MARVIN B. DAVIS,**

                     **Petitioner,**

      v.                                 **CASE NO. 01-3417-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                     **Respondents.**

### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. On December 19, 2001, the court dismissed the complaint as stating no claim for relief under 42 U.S.C. § 1983. Before the court is plaintiff's motion for relief from judgment, filed on June 28, 2005.

Plaintiff seeks declaratory judgment and damages based on defendants' failure to file a sentencing report in the state district court in 1993 for the purpose of any possible retroactive conversion of plaintiff's 1992 state sentence under the Kansas Sentencing Guidelines Act KSGA). Plaintiff claims his confinement on the 1992 sentence was thereby unlawfully extended for 26 months beyond the date his sentence would have expired if it had been converted under the state guidelines, and claims this denied him due process and subjected him to cruel and unusual punishment. The 1992 sentence has been fully served, and plaintiff is currently incarcerated on a separate 1997 state conviction.

Plaintiff sought habeas corpus relief on this same claim

without success.[1]  In his present motion, plaintiff argues he is entitled to relief from the judgment entered in this matter because he is challenging the Kansas Department of Corrections' *procedure* for handling the pre-KSGA sentences of Kansas prisoners.

A motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).  Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances."  Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000).[2]

The decision whether to grant a motion for reconsideration rests within the Court's discretion.  *See* Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988).  A court may appropriately grant a motion for reconsideration where: (1) the

---

[1] *See* Davis v. Roberts, Case No. 04-3005-SAC (D.Kan. June 14, 2004), *affirmed* (10th Cir. September 21, 2005).

[2] Plaintiff seeks relief under Rule 60(b)(5) and (6) which provide in relevant part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

court has made a manifest error of fact or law; (2) there is newly discovered evidence; or (3) there has been a change in the law. <u>Renfro v. City of Emporia, Kan.</u>, 732 F.Supp. 1116, 1117 (D.Kan. 1990), *aff'd*, 948 F.2d 1529 (10th Cir. 1991).  Plaintiff makes no showing that satisfies any of these requirements.

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. 7) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.

  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge