IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARVIN B. DAVIS,

                    Petitioner,

          v.                              CASE NO. 01-3417-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

                    Respondents.


O R D E R

     Plaintiff proceeds pro se and in forma pauperis on a complaint
filed under 42 U.S.C. § 1983, alleging procedural error by state
officials in failing to issue a sentencing guidelines report when
plaintiff's 1991 sentence was not converted to a guidelines sentence
under the Kansas Sentencing Guidelines Act, effective in 1993.  The
court dismissed the complaint on December 19, 2001, as stating no
claim for relief under 42 U.S.C. § 1983.  Plaintiff filed no appeal.

     In June 2005 plaintiff filed a motion for relief from that
judgment, contending relief was warranted after the Supreme Court
decided Wilkinson v. Dotson, 544 U.S. 74 (2005), and arguing that
Wilkinson undermined this court's application of Heck v. Humphrey,
512 U.S. 477 (1994), in 2001 to bar plaintiff's claim for damages
and declaratory relief.  By an order dated March 7, 2006, the court
found no merit to this contention and denied plaintiff's motion for
relief from the 2001 judgment.  Within ten days, plaintiff filed a
motion for reconsideration which is now before the court.

Having reviewed the record, the court denies plaintiff's motion for reconsideration of that decision.

As explained by the Tenth Circuit Court of Appeals in plaintiff's 2004 habeas corpus action,[1] plaintiff cannot challenge the execution of his 1991 sentence (or the underlying state conviction) because he no longer can satisfy the jurisdictional requirement that he is "in custody" pursuant to that sentence.[2] Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005). Additionally, plaintiff failed to raise a timely habeas challenge to the validity or legality of the 1997 sentence he is currently serving. Id. at 834-36. Plaintiff may not now fashion a procedural challenge under 42 U.S.C. § 1983 to bar the use of this conclusively valid sentence and conviction. Because a judgment for plaintiff on the claim asserted in the petition would necessarily implicate the validity of his 1991 sentence, plaintiff's claim for damages for alleged error in the non-conversion of his 1991 sentence remains arguably barred by Heck.[3]

---

[1]Davis v. Roberts, Case No. 04-3005-SAC.

[2]Plaintiff strenuously argues his habeas action should not present a res judicata or collateral estoppel bar to the consideration of his § 1983 claims. This argument is misdirected, as the court cited plaintiff's unsuccessful habeas action not for any claim preclusion effect, but to establish that plaintiff had not yet satisfied the Heck requirement for proceeding under 42 U.S.C. § 1983.

[3]The Tenth Circuit Court of Appeals has noted judicial disagreement as to whether Heck should only apply when habeas relief is actually available to the § 1983 plaintiff, see Spencer v. Kemna, 523 U.S. 1 (1998), but has not yet decided the issue. Jackson v. Loftis, 189 Fed.Appx. 775, 778-79 (10th Cir. 2006)(unpublished opinion).

Moreover, the Supreme Court found cognizable claims were stated under 42 U.S.C. § 1983 because the prisoners in Wilkinson sought an injunction to bar *future* unconstitutional procedures and their claims did *not* fall within the implicit habeas exception in Heck. Wilkinson 544 U.S. at 81 and 74. Thus even if Wilkinson could be retroactively applied as petitioner implies, it is factually and legally distinguishable and offers plaintiff no basis for relief from judgment entered in this matter in 2001.

Finding no misapprehension of plaintiff's position or the controlling law in the December 2006 denial of plaintiff's motion for relief from judgment, the court denies plaintiff's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 9) is denied.

**IT IS SO ORDERED.**

DATED:  This 24th day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3