```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MARVIN B. DAVIS,**

                              **Petitioner,**

           v.                            **CASE NO. 01-3417-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                              **Respondents.**


### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, alleging procedural error by state officials in failing to issue a sentencing guidelines report when plaintiff's 1991 sentence was not converted to a guidelines sentence under the later enacted Kansas Sentencing Guidelines Act. The court dismissed the complaint on December 19, 2001, as stating no claim for relief under 42 U.S.C. § 1983. Plaintiff filed no appeal.

In June 2005 plaintiff filed a motion for relief from that judgment, contending relief was warranted after the Supreme Court decided <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005), and arguing that <u>Wilkinson</u> undermined this court's application of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), in 2001 to bar plaintiff's claim for damages and declaratory relief. By an order dated March 7, 2006, the court found no merit to this contention and denied plaintiff's motion for relief from the 2001 judgment. In January 2007, the court denied plaintiff's motion for reconsideration of the denial of his motion

for relief from judgment.

Before the court is plaintiff's second motion for reconsideration in which plaintiff continues to press arguments that were or could have been raised in his earlier pleadings. This motion is denied. Rule 60(b) provides for an extraordinary remedy under exceptional circumstances, and does not provide a vehicle to re-argue the merits of the underlying judgment or advance new arguments which could have been presented in the parties' original pleadings. *See* Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).

Also before the court is plaintiff's notice of appeal and motion for leave to proceed in forma pauperis on appeal.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $455.00 fee in his appeal. If granted leave to proceed in forma pauperis on appeal, plaintiff is entitled to pay this appellate filing fee over time, as provided by payment of an initial partial appellate filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to satisfy plaintiff's prior fee obligations, the court grants plaintiff leave to proceed in forma pauperis on appeal without payment of an initial partial appellate filing fee. Once these earlier fee obligations have been satisfied, payment of the full appellate filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's second motion for reconsideration (Doc. 11) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 13) is granted, and that payment of the appellate filing fee is to as authorized under 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been satisfied.

The clerk's office is to provide a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 21st day of June 2007 at Topeka, Kansas.

       s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge